The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



John P. Gustafson
United States Bankruptcy Judge

**Dated: April 3 2023**

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **In Re**: ) | Case No. 18-62499 |
| ) | |
| **Brian Keith Martin** ) | Chapter 13 |
| **Teresa Joy Martin** ) | |
| ) | |
| **Debtor(s)** ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER REGARDING 11 U.S.C. § 1328(h)

This case is before the court for a determination under 11 U.S.C. § 1328(h) as to whether a discharge may be entered. That section provides as follows:

> The court may not grant a discharge under this chapter unless the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is no reasonable cause to believe that--
>
> (1) section 522(q)(1) may be applicable to the debtor; and
>
> (2) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

11 U.S.C. § 1328(h). Section 522(q)(1) may apply only if a debtor claims as exempt an interest

in property described in § 522(p)(1) that exceeds the aggregate sum of $189,050[1].

      A review of the docket in this case shows that Debtor(s) has not claimed an exemption in property described in § 522(p)(1) that exceeds the aggregate sum of $189,050 and has not filed the statement required by Bankruptcy Rule 1007(b)(8) when such exemptions are claimed. Thus, the court finds that there is no reasonable cause to believe that (1) § 522(q)(1) may be applicable to Debtor(s) and (2) there is pending any proceeding in which the Debtor(s) may be found guilty of a felony of the kind described in § 522(q)(1)(A) or liable for a debt of the kind described in § 522(q)(1)(B). ABSENT AN OBJECTION CONTESTING THIS FINDING AND A REQUEST FOR HEARING FILED BY A PARTY IN INTEREST WITHIN FOURTEEN DAYS OF THE DATE OF SERVICE OF THIS ORDER, AND TO THE EXTENT DEBTOR(S) IS OTHERWISE ENTITLED TO A DISCHARGE IN THIS CASE, THE COURT WILL ENTER AN ORDER OF DISCHARGE.

---

1. This is the applicable exemption amount for cases filed on or after April 1, 2022. If this case was filed between April 1, 2010 and March 31, 2013, the applicable exemption amount is $146,450. If this case was filed between April 1, 2013 and March 31, 2016, the applicable exemption amount is $155,675. If this case was filed between April 1, 2016 and March 31, 2019, the applicable exemption amount is $160,375. If this case was filed between April 1, 2019 and March 31, 2022, the applicable exemption amount is $170,350.